United States District Court
Southern District of Texas
**ENTERED**
October 29, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD PAYNE, JR., Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-03838 |
| DONALD TRUMP, *et al.*, Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Charles Edward Payne, Jr.'s ("Payne") application to proceed *in forma pauperis*. (Dkt. 2). Although the Court finds that Payne's application can be granted, it also finds that Payne's case must be dismissed under 28 U.S.C. § 1915(e)(2)(B) ("Section 1915"). *See* 28 U.S.C. § 1915(e)(2)(B) (stating that a district court "shall dismiss [a] case" brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief").

Payne has sued Donald Trump, The City Hall, Philadelphia City Hall, Courthouse Court House, 50 M.S. States and Capitals Landlords, Block Inc. Square Inc. FKA Inc., and eight other unnamed Landlords. (Dkt. 1). Payne's application to proceed *in forma pauperis* is **GRANTED**. (Dkt. 2). Payne's claims are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) ("Section 1915") as frivolous and for failure to state a

claim on which relief may be granted. All pending motions are **DENIED AS MOOT**.

## BACKGROUND

Payne alleges "[i]dentity theft since 1982 general warranty deed …lien beneficiary united state property" as his claim. (Dkt. 1 at p. 8). Payne does not include any other details for these claims, but attaches exhibits that include his temporary Texas ID, a general warranty deed with vendor's lien, google AI searches, various police reports, and numerous IRS statements. (*Id*. at Ex. 1). Payne also filed several other exhibits, which seem to primarily be conversations with artificial intelligence, but also include different warranty deeds from Virginia and Texas, Medicaid documents, receipts, social security documents, and other miscellaneous documents. (Dkts. 8, 9, 10, 11, 13). Payne brings his claims under diversity and federal question jurisdiction according to the boxes he checked, however he cites no law and for states of citizenship he provides his own name. (Dkt. 1). Payne seeks relief in the form of land, a place to live, release of his son from CPS, and payment from his savings. (*Id*. at p. 8).

## SECTION 1915

Under Section 1915, a district court "shall dismiss [a] case" brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002); *Patel v. United Airlines*, 620 Fed. App'x 352 (5th Cir. 2015).

An *in forma pauperis* case may be dismissed as frivolous if it lacks an arguable basis in law or fact. *Newsome*, 301 F.3d at 231. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id.* "A complaint lacks an arguable basis in fact when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quotation marks omitted).

**ANALYSIS**

The Court concludes that it must dismiss Payne's claims under section 1915. The disjointed claims and filings in Payne's complaint are insufficient to support a legal claim. Again, a court may dismiss a claim as factually frivolous if the facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995). Payne's claims fall within this category. The Court is unable to discern a plausible cause of action from the short claim statement or from any of the exhibits to the complaint. Further, Payne's failure to cite any law is fatal to his lawsuit. He has failed to plausibly allege a claim on which relief may be granted.

Payne has not properly alleged any claim, nor has he requested any proper relief. He also does not fully identify the Defendants and does not connect any Defendant to his claims or relief. As such, his complaint does not provide a valid basis on which he can recover against any Defendant. The Court will dismiss Payne's claims under section 1915 as frivolous and for failure to state a claim on which relief may be granted.

## CONCLUSION

Payne's application to proceed *in forma pauperis* is **GRANTED**. (Dkt. 2). Payne's claims are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim on which relief may be granted. All pending motions are **DENIED AS MOOT**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas on October 29, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE